IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GQ SAND LLC,

                Plaintiff,                OPINION AND ORDER

    v.                              15-cv-152-wmc

CONLEY BULK SERVICES, LLC,
RANGE MANAGEMENT SYSTEMS, LLC,
NEJGID, LLC,

                Defendants,

and

ASSOCIATED TRUST COMPANY, NATIONAL ASSOCIATION,

                Interpleader Defendant.

---

In this civil action, plaintiff GQ Sand, LLC alleges that: (1) defendants Conley Bulk Services, LLC, and Range Management Systems, LLC, breached the terms of two contracts, among other state law claims asserted against those two defendants; and (2) defendant NEJGID, LLC, intentionally interfered with those contracts. (Compl. (dkt. #1).) Plaintiff also brings an interpleader action against defendant Associated Trust Company, N.A., based on that defendant's holding of $628,000 in an escrow account. (*Id.*) Plaintiff alleges that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 6.) Because the allegations in the complaint are insufficient to determine if this is so, GQ Sand will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity between the parties.  (Compl. (dkt. #1) ¶ 6.)  For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant.  *Smart*, 562 F.3d at 803.  Unfortunately, plaintiff's allegations as to its own citizenship, as well as that of the three limited liability company ("LLC") defendants, prevent this court from determining whether diversity exists.[1]

---

[1] Plaintiff does allege the citizenship of "interpleader defendant" Associated Trust Company, National Association correctly. (Compl. (dkt. #1) ¶ 5.)  As a national banking association, Associated's citizenship is the state in which it is incorporated and the state where its main office is located.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Plaintiff alleges that Associated is a "domestic" banking association -- which the court takes to mean is incorporated in the state of Wisconsin -- with its principal place of business in Milwaukee, Wisconsin.  (Compl. (dkt. #1) ¶ 5.)  While plaintiff has properly

"The citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Nevertheless, plaintiff not only fails to allege the citizenship of the members of the three LLC defendants, but also the citizenship of its own members. Instead, plaintiff alleges that it is a "Wisconsin limited liability corporation" with its principal officer also located in Wisconsin and all three defendants are "Texas limited liability corporation[s]," each with a principal office also located in Texas. (Compl. (dkt. #1) ¶¶ 1-4.) As the Seventh Circuit has instructed repeatedly, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each of its member and the same for each of the three defendant LLCs. In alleging an LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability

---

alleged this defendant's citizenship as Wisconsin, it appears that GQ Sand, LLC may also be a Wisconsin citizen. This normally would be problematic. Plaintiff purports to bring an "interpleader" action against this defendant, but that does not accurately describe its claim against Associated. Federal Rule of Civil Procedure 22 permits joinder of defendants by a plaintiff where the plaintiff is exposed to "double or multiple liability." Fed. R. Civ. P. 22(a). As far as the court can tell, this does not appear to be plaintiff's claim. Instead, plaintiff seeks to bring Associated into this lawsuit as a nominal defendant, based on Associated's holding of $628,000 in an escrow account. As such, regardless of the proper label for plaintiff's claim against Associated, it is clear that Associated is a nominal defendant, and the court need not consider its citizenship in assessing whether complete diversity exists. *See Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987) ("The addition to a lawsuit of a purely nominal party -- the holder of the stakes of the dispute between the plaintiff and the original defendant -- does not affect diversity jurisdiction.").

company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until April 24, 2015, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 10th day of April, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge