IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────

GQ SAND, LLC,

        Plaintiff and Counterclaim Defendant,    OPINION AND ORDER

v.

                                                    15-cv-152-wmc

CONLEY BULK SERVICES, LLC,

        Defendant, Counterclaim Plaintiff and Crossclaim Defendant,

RANGE MANAGEMENT SYSTEMS, LLC, and

        Defendant and Counterclaim Plaintiff

NEJGID, LLC,

        Defendant, Counterclaim Plaintiff and Crossclaim Plaintiff.
───────────────────────────────────────────

        Plaintiff GQ Sand, LLC, brings this civil action against defendants Conley Bulk Services, LLC, Range Management Systems, LLC ("RMS"), and NEJGID, LLC, arising out of a multi-million dollar frac sand business deal gone awry. Defendants have in turn filed counterclaims against plaintiff. Finally, defendant NEJGID has asserted a crossclaim against defendant Conley Bulk Services, LLC.

        Both GQ Sand and Conley filed motions for summary judgment (dkt. ##50, 72), which the court anticipates denying in substantial part, but in addressing those motions, it has become obvious that the plaintiff's relatively recently-filed motion for leave to amend its complaint has complicated matters by seeking to add fraud and conspiracy claims against each of the three defendants (dkt. #152), as has the previous and meritorious defendants' joint motion to deny plaintiff's summary judgment on those same claims pursuant to Federal Rule of Civil Procedure 56(d) (dkt. #114). For the reasons provided below, the court will: (1) grant both of these motions; and (2) hold a

telephonic conference tomorrow to determine how best to address these claims before trial.

OPINION

Plaintiff curiously purported for the first time in its summary judgment motion to be entitled to judgment as a matter of law against all three defendants on claims of civil conspiracy and fraud, neither of which were alleged in its amended complaint. (Pl.'s Opening Br. (dkt. #52) 26-31.) Plaintiff candidly acknowledges in its opening summary judgment brief that these claims were not alleged, but argues that pursuant to Federal Rule of Civil Procedure 15(b), "the pleadings should be constructively amended." (*Id.* at 27.) This argument makes little sense. Rule 15(b) deals with the amendments "During and After Trial" to conform the pleadings to the evidence presented at trial. It has *no* application at the summary judgment stage. On the contrary, that is governed by Rule 15(a), which expressly sets forth the procedure for "Amendments Before Trial," none of which plaintiff chose to follow.

Faced with defendants' opposition to plaintiff's implicit attempt to once again amend its complaint through summary judgment briefing, as well as defendants' own motion to defer or deny any consideration of summary judgment on these two claims as contemplated by Rule 56(d) (dkt. #114), plaintiff only recently filed a motion for leave to amend its complaint to add these claims under Rule 15(a)(2). (Dkt. #152.) While plaintiff should have sought leave to amend at least contemporaneous with its January filing for summary judgment, which is shortly after it purports to have discovered

2

evidence to support these claims, its insertion of these claims at summary judgment at least gave defendants notice of its intent to pursue them, ameliorating some of the prejudice its delay in seeking a formal amendment of its complaint may have caused.

Still, the court will not consider plaintiff's motion for summary judgment on these claims until defendants have an opportunity to respond effectively. Accordingly, while the court will grant plaintiff's belated motion to amend to add these claims, *see Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"), it will also grant defendants' Rule 56(d) motion.

Even if the court were to consider plaintiff's arguments, the conspiracy and fraud claims now asserted here do not lend themselves to summary judgment in favor of the party bearing the burden of proof. *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (If the party with the burden of proof moves for summary judgment, "it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim."). These claims necessarily require the jury to draw inferences from the evidence. Similarly, in light of plaintiff's fairly significant evidence in support of these claims, it would appear likely that plaintiff's claims would survive any motion for summary judgment brought by defendants based on a challenge to the sufficiency of plaintiff's evidence.

There may, however, be certain defenses available to defendants, most notably Wisconsin's economic loss doctrine. *See, e.g., Kaloti Enterprises, Inc. v. Kellogg Sales Co.*,

3

2005 WI 111, ¶ 42, 283 Wis. 2d 555, 699 N.W.2d 205 (describing economic loss doctrine and the narrow exception for fraud in the inducement if extraneous to the contract). Accordingly, the court will consider whether defendants are entitled to some additional expedited discovery or motion practice before proceeding to trial, which it will do during a telephonic conference with the parties tomorrow, June 10, 2016, at 12:00 p.m.

## ORDER

IT IS ORDERED that:

1) Defendants' joint motion under Rule 56(d) (dkt. #114) is GRANTED.

2) Plaintiff's motion for leave to file a second amended complaint (dkt. #152) is GRANTED.

3) Plaintiff's proposed second amended complaint (dkt. #152-1) is now the operative pleading. Defendants' respective answers are due on or before June 21, 2016.

4) The court will hold a telephonic conference tomorrow, Friday, June 10, 2016, at 12:00 p.m. to discuss how best to proceed in light of these rulings. Plaintiff to initiate call to chambers at 608-261-5798.

Entered this 9th day of June, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge